No. 03-064

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 218N

BRADLEY BOSTER,

       Petitioner and Appellant,

    v.

LIBERTY MUTUAL FIRE INS. CO.,

       Respondent and Insurer for

LORAM MAINTENANCE OF WAY, INC.,

       Employer.

APPEAL FROM:    Workers' Compensation Court
                  State of Montana, Cause No. WCC 2001-0398
                  The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

              John C. Doubek, Doubek & Pyfer, Helena, Montana

       For Respondent:

              Larry W. Jones, Jones & Garber, Missoula, Montana

                       Submitted on Briefs:  July 30, 2003

                               Decided:  August 21, 2003

Filed:

_____
                     Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2	Bradley Boster (Boster), appeals from the Workers' Compensation Court's December 19, 2002, Findings of Fact, Conclusions of Law and Judgment. In its decision, the Workers' Compensation Court ruled that Boster was not entitled to any further temporary total disability benefits or to permanent total disability benefits; that he is entitled to a 27% award of permanent partial disability benefits with the court retaining jurisdiction to determine the actual amount due in the event the parties are unable to agree on the amount; that he is entitled to his costs and shall file a memorandum of costs in accordance with the court's rules; and that he is not entitled to attorney fees or a penalty. In this regard we also note the Workers' Compensation Judge issued an order amending his conclusions of law on January 2, 2003, and we have considered that amendment.

¶3	While Boster and the respondent articulate the issues somewhat differently, the dispositive issue is whether the Workers' Compensation Court's findings of fact are supported by substantial evidence and whether its conclusions of law are correct. *Geiger v. Uninsured Employers' Fund*, 2002 MT 332, ¶ 13, 313 Mont. 242, ¶ 13, 62 P.3d 259, ¶ 13

(citations omitted).

¶4     From the face of the briefs and the record on appeal before us it is manifest that the appeal is without merit because the issue is clearly controlled by settled Montana law; because the issue is factual and there is clearly sufficient evidence to support the trial court's findings of fact; and because the court's conclusions of law are correct.

¶5     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE